WOMBLE BOND DICKINSON (US) LLP
SCOTT J. HYMAN (SBN 148709)
Scott.Hyman@wbd-us.com
COURTNEY C. WENRICK (SBN 286380)
Courtney.Wenrick@wbd-us.com
ABINAYA PRABAKAR (SBN 322442)
Abi.Prabakar@wbd-us.com
400 Spectrum Center Drive, Suite 1700
Irvine, California 92618
Telephone: (714) 557-3800
Fax: (714) 557-3347

Attorneys for Defendants
CAR CAPITAL TECHNOLOGIES, INC.,
INNOVATE LOAN SERVICES
CORPORATION, and DRIVE CASA, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABHIGYA GHIMIRE, an individual;<br><br>Plaintiff,<br><br>v.<br><br>CAR CAPITAL TECHNOLOGIES, INC., a corporation; INNOVATE LOAN SERVICES CORPORATION, a corporation; DRIVE CASA, LLC; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>(Removed from Los Angeles County, Superior Court of California; Case No. 26STCV00319)<br><br>**DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT BASED ON DIVERSITY JURISDICTION [28 U.S.C. § 1332]**<br><br>Complaint filed: January 6, 2026<br>Trial Date: Not Set |

1
NOTICE OF REMOVAL

**TO THE COURT, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendants CAR CAPITAL TECHNOLOGIES, INC. ("Car Capital"), INNOVATE LOAN SERVICES CORPORATION ("Innovate"), and DRIVE CASA, LLC ("Drive Casa") (collectively "Defendants") hereby remove the state court action described below to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

1.     On January 6, 2026, Plaintiff Abhigya Ghimire filed a Complaint in the Superior Court of the State of California, County of Los Angeles, styled as Abhigya Ghimire *v. Car Capital Technologies, Inc., et. al.*, Case No. 26STCV00319 (the "State Court Action").  A copy of the Complaint as well as the case docket is attached hereto as **Exhibit 1**.

2.     Plaintiffs served the Complaint on all Defendants on January 22, 2026.

3.     This notice of removal is timely under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days following service of summons upon Defendants.  A copy of all pleadings, process, and orders served on the removing defendants in the state action is attached hereto as **Exhibit 2**.  *See* 28 USC § 1446(a).

4.     This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity exists and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.     All three Defendants are represented by the undersigned counsel. All known, served defendants consent to this removal.

6.     No previous application for removal in this case has been made.

7.     Defendants will give notice of the filing of this notice of removal to the Los Angeles County Superior Court and to Plaintiffs promptly after filing this notice of removal, in compliance with 28 U.S.C. § 1446(d).

///

//

NOTICE OF REMOVAL

**Diversity of Citizenship**

8.     Complete diversity exists because Plaintiff and Defendants are citizens of different states. Defendants are informed and believes that Plaintiff is a citizen of the state of California.

9.     For diversity purposes, an individual is a citizen of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001).   A person's continuing domicile in a state establishes citizenship "unless rebutted with sufficient evidence of change." *See Mondragon v. Cap. One Auto Fin*., 736 F.3d 880, 885 (9th Cir. 2013); *see also*, *Anderson v. Watts*, 138 U.S. 694, 706, 11 S.Ct. 449, 34 L.Ed. 1078 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary...."). Plaintiff alleges they are a resident of Los Angeles County, California (Compl. ¶ 2), which is prima facie evidence of domicile and therefore citizenship.

10.     A corporation is a citizen of the state of its incorporation and the state of its principal place of business.

11.     Car Capital Technologies, Inc., now known as Bravo Companies, Inc., is a Delaware corporation with its principal place of business in Grapevine, Texas.

12.     Innovate Loan Servicing Corporation is, and at all relevant times was, a citizen of Texas. It is incorporated in Texas and maintains its principal place of business in Texas. The Complaint expressly alleges that "Defendant INNOVATE LOAN SERVICING CORPORATION is, and at all relevant times was, a corporation incorporated in the State of Texas." (Compl. ¶ 4.)

13.     Drive Casa, LLC is a Delaware limited liability company whose management and operations are located entirely in Dallas, Texas. According to the Texas Secretary of State records, all members of Drive Casa, LLC are Texas residents. For diversity purposes, an LLC is a citizen of every state in which its members are

NOTICE OF REMOVAL

citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Because all members of Drive Casa, LLC are Texas citizens, Drive Casa is a citizen of Texas.

14.    The only other defendants named in the complaint are fictitiously named defendants.  For removal purposes, "the citizenship of defendants sued under fictitious names shall be disregarded".  28 U.S.C. § 1441(a)

15.    Accordingly, diversity of citizenship is established as Plaintiff and Defendants are citizens of different states.

### Amount in Controversy

16.    This Court has jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs. A defendant's notice of removal needs to include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). The amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant if Plaintiff prevails. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018). In calculating the amount in controversy, courts include back pay, front pay, emotional distress damages, punitive damages, and attorneys' fees recoverable by statute. *Id*. at 416; *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

17.    Plaintiff asserts seven causes of action under FEHA and CFRA, including discrimination, harassment, retaliation, interference, and wrongful termination. He seeks actual and compensatory damages, emotional distress damages, punitive damages, and attorneys' fees.

18.    **Compensatory Damages.** The amount in controversy includes general and special compensatory damages. See *Chavez*, 888 F.3d at 416.  When attorneys' fees are recoverable by statute, they are properly included in the amount in controversy, and courts must consider both past and future fees. *Fritsch*, 899 F.3d at

794. The amount in controversy also includes punitive damages and emotional distress damages where they are recoverable as a matter of law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

19.     Here, Plaintiff alleges that he was terminated on October 31, 2025. (Compl. ¶ 4.) Plaintiff further alleges that Defendants wrongfully terminated his employment in violation of FEHA and seeks recovery of lost earnings. (Compl. ¶¶ 24-25, 31, 39, 48, 56, 65, 71, 77.) Defendants are informed and believe that, at the time of the termination, Plaintiff's annual salary was $155,000, or approximately $424.66 per day. As of the date of removal, Plaintiff has accrued approximately 112 days of back pay, totaling approximately $47,562.

20.     However, the amount in controversy is not limited to damages incurred prior to removal and includes lost wages incurred after removal. See *Chavez*, 888 F.3d at 417–18. Courts consider lost wages through the anticipated trial date when calculating the amount in controversy in FEHA wrongful-termination cases. See, e.g., *Tiffany v. O'Reilly Auto Stores, Inc.*, 2013 WL 4894307, at 3–4 (E.D. Cal. Sept. 11, 2013) (including approximately 108 weeks of post-removal lost wages in amount-in-controversy analysis).

21.     Even assuming conservatively that this matter proceeds to trial approximately one year from termination, Plaintiff's alleged lost wages would total approximately $155,000. Lost wages alone therefore place more than $75,000 in controversy.

22.     **Punitive Damages.** Plaintiff also seeks punitive and/or exemplary damages in connection with his claims. (Compl. ¶¶ 33, 41, 50, 58, 67, 73, 78, & Prayer for Relief at 16:8-9.)  Punitive damages are properly included in determining the amount in controversy. *Gibson*, 261 F.3d at 945. California district courts routinely find that "the potential for large punitive damage awards in employment discrimination cases" satisfies the amount in controversy even without considering other categories of damages. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033

(N.D. Cal. 2002); see also *Chambers v. Penske Truck Leasing Corp.*, 2011 WL 1459155, at *4 (E.D. Cal. Apr. 15, 2011) (denying remand in FEHA action because "punitive damages in employment matters may be substantial").

23.     In *State Farm Mut. Auto. Ins. Co. v. Campbell*, the Supreme Court recognized that while punitive-to-compensatory ratios are not rigid, "single-digit multipliers are more likely to comport with due process," and that ratios of two, three, or four to one have long been considered instructive. 538 U.S. 403, 425 (2003). Here, Plaintiff's compensatory damages – based on lost wages alone – are conservatively estimated at approximately $155,000. Applying an equally conservative 1:1 ratio yields an additional $155,000 in punitive exposure. A 2:1 ratio would place approximately $310,000 in punitive damages at issue. Thus, punitive damages independently satisfy the $75,000 jurisdictional threshold and further confirm that the amount in controversy far exceeds the statutory minimum.

24.     **Statutory Attorneys' Fees.** Plaintiff seeks attorneys' fees under FEHA and CFRA. FEHA expressly authorizes recovery of attorneys' fees to a prevailing plaintiff. Cal. Gov. Code § 12965(b). In the Ninth Circuit, when attorneys' fees are authorized by statute, they are properly included in the amount in controversy. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927–28 (9th Cir. 2019). Courts must also include future attorneys' fees recoverable by statute when assessing the amount in controversy. *Fritsch,* 899 F.3d at 794. Plaintiff seeks attorneys' fees under FEHA and CFRA. (Compl. Prayer for Relief at 16:10-11.) FEHA expressly authorizes fee-shifting in favor of a prevailing plaintiff. Cal. Gov't Code § 12965(b). Defendant reasonably estimates that the attorneys' fees incurred by both Plaintiff and Defendant to litigate this matter through trial will exceed $75,000, and Plaintiff's recoverable fees would be comparable.

25.     **Emotional Distress Damages.** Plaintiff seeks emotional distress damages in connection with each of his FEHA causes of action. (Compl. ¶¶ 24-25, 31, 39, 48, 56, 65, 71, 77.) Emotional distress damages are properly included in the

amount in controversy. *Gibson*, 261 F.3d at 945; *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Plaintiff's claim for emotional distress damages further confirms that the amount in controversy exceeds the jurisdictional minimum.

26.   In sum, Plaintiff's alleged lost wages, punitive damages, emotional distress damages, and recoverable attorneys' fees each independently satisfy the $75,000 jurisdictional threshold. When considered together, the amount in controversy far exceeds the statutory minimum required for diversity jurisdiction under 28 U.S.C. § 1332(a).

27.   As the Complaint was filed in the Superior Court of the State of California, County of Los Angeles, venue is proper in this Court. *See* 28 U.S.C. § 1441(a) (allowing removal "to the district court of the United States for the district and division embracing the place" where the state court action is pending); 28 U.S.C. § 84(c)(2) ("The Central District comprises . . . the count[y] of Los Angeles").

WHEREFORE, Defendants pray that the State Court Action be removed from state court to this Court, and that this Court assume jurisdiction over the action and determine it on the merits.

DATED: February 20, 2026          **WOMBLE BOND DICKINSON (US) LLP**

By: */s/Abinaya Prabakar*
        Scott J. Hyman
        Courtney C. Wenrick
        Abinaya Prabakar

Attorney for Defendants
CAR CAPITAL TECHNOLOGIES, INC.,
INNOVATE LOAN SERVICES
CORPORATION, and DRIVE CASA, LLC

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 20, 2026, I electronically filed the foregoing document with the Court using the CM/ECF system, which will send a Notice of Electronic Filing by email to counsel for all parties that have appeared in this action.


*/s/ Abinaya Prabakar*
Abinaya Prabakar

CERTIFICATE OF SERVICE